UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 21-33269 |
| KELLEY HYDRAULICS, INC., § | |
| § | CHAPTER 11 |
| Debtor. § | |

OBJECTION TO CONFIRMATION OF SUBCHAPTER V PLAN OF
REORGANIZATION OF KELLEY HYDRAULICS, INC. DATED JANUARY 3, 2022
[Related to Dkt. No. 32]

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE**:

COMES NOW, NLCG Private Lending Fund, LLC ("NLCG") and files this its *Objection to Confirmation of Debtor's Subchapter V Plan of Reorganization of Kelley Hydraulics, Inc. Dated January 3, 2022* (the "Objection" and the "Plan") [Dkt. No. 32] filed by Kelley Hydraulics, Inc. (the "Debtor"), and shows:

1. The Plan is not feasible. The Plan provides that, "Payments and distributions under the Plan will be funded going-forward by business operations of KHI." Plan § 8.1. However, the Debtor's recently filed Monthly Operating Report for Small Business Under Chapter 11 [Dkt. No. 54] for the month of January 2022 (the "January 2022 MOR") indicated actual cash receipts of $3,016.10, which was $9,483.90 *less* than the projected $12,500.00 of cash receipts. *See* January 2022 MOR § 7, Item 32. The Plan proposes certain payments of $3,500.00 per month to NLCG to begin on April 1, 2022, which are more than the Debtor's total monthly revenue indicated in the January 2022 MOR. *See* Plan §§ 2 and 5.3.2.3. and Exhibit KHI103 attached to the Plan. While the Plan proposes that operations will continue, it does not describe the profitability of those operations and how the proposed monthly payments can actually be made. The Plan fails to provide sufficient information to support the rosy projections asserted therein. Given the lack

3094255

of adequate information, the Debtor cannot satisfy its burden to demonstrate that the Plan is feasible pursuant to 11 U.S.C. § 1129(a)(11).

2. Further, the Debtor, through the Plan, proposes to "pay the allowed secured claim of NLCG in full on or before June 30, 2022" through a sale of some or all of the NLCG's collateral or by a refinance. Plan § 5.3.2.2. However, upon information and belief, the Debtor has yet to retain or otherwise engage a real estate broker to sell the Debtor's real estate or to identify a potential lender. The Plan fails to describe the expected efforts and milestones for the Debtor to complete the sale or refinance of the Debtor's real estate, and, as such, the Plan does not present a feasible pathway forward for its creditors to be paid.

3. <u>The Plan is likely to be followed by liquidation.</u> Even though the Plan proposes a sale or refinance of the Debtor's real property, upon information and belief, no buyer or lender has yet been identified. Given the Debtor's inability to reliably sustain cash flow, even if the Plan is confirmed, it is likely to be followed by a liquidation, further violating 11 U.S.C. § 1129(a)(11).

WHEREFORE, NLCG prays that the Court deny confirmation of the Plan and for such other relief as is just.

Dated: March 4, 2022.                    Respectfully submitted,

*/s/Alexander Perez*
Alexander Perez         TBN 24074879
aperez@hwa.com
Wayne Kitchens          TBN 11541110
wkitchens@hwa.com
Hughes, Watters & Askanase, LLP
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone (713) 759-0818
Telecopier (713) 759-6834
**ATTORNEYS FOR NLCG PRIVATE LENDING FUND, LLC**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing *Objection to Confirmation of Debtor's Subchapter V Plan of Reorganization of Kelley Hydraulics, Inc. Dated January 3, 2022* has been sent by CM/ECF notification and/or first class U.S. Mail, postage prepaid to all creditors and parties in interest as shown on the attached "Service List" on March 4, 2022.

                                                      */s/Alexander Perez*
                                                      Alexander Perez